# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-1469-JST(CW) | Date | October 13, 2011 |
|---|---|---|---|
| Title | Brian Moffitt v. Patton State Hospital | | |

| Present: The Honorable | Carla Woehrle, United States Magistrate Judge | |
|---|---|---|
| Donna Y. Thomas | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings:**        (In Chambers)

On September 14, 2011, the pro se petitioner filed this petition for writ of habeas corpus. The petition is subject to dismissal, on its face, for the following reasons.

(a) Petitioner is in state custody, but it is not clear whether he is challenging the legality of that custody in this purported habeas petition under 28 U.S.C. § 2254, and he has not identified the nature of the custody. There are two statutes under which a person may challenge the legality of state custody in a habeas action in federal court. A person in custody under a state court judgment may proceed under 28 U.S.C. § 2254; a person in state custody under some basis other than a state court judgment may proceed under 28 U.S.C. § 2241. See Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Because Petitioner has not made clear the nature of his custody, it is not clear whether this action falls under § 2254 or § 2241.

(b) Petitioner has not established personal jurisdiction by naming a proper respondent (normally a specific official, such as a warden or director, with the power to order Petitioner's release). 28 U.S.C. § 2242; 28 foll. § 2254, Rule 2.

(c) Petitioner has not shown that he has exhausted available state court remedies. For § 2254 petitions the exhaustion requirement is defined at 28 U.S.C. § 2254(b)-(c). For § 2241 petitions by persons in state custody there is a common law exhaustion requirement. See, e.g., McNeeley, 336 F.3d at 825-26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-1469-JST(CW) | Date | October 13, 2011 |
|---|---|---|---|
| Title | Brian Moffitt v. Patton State Hospital | | |

(d)  Petitioner has not clearly stated a claim that he is in custody in violation of the constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2241(c)(3), 2242, 2254(a).  In fact, it is not clear whether Petitioner is seeking to challenge the legality of his custody as such (that is, the fact or duration of his custody), or conditions of confinement.  If Petitioner seeks to challenge conditions of confinement he should file a civil rights complaint under 42 U.S.C. § 1983, not a habeas corpus petition under 28 U.S.C. § 2254 or 2241.

This is the fifth deficient habeas petition Petitioner has submitted to this court, and Petitioner has been repeatedly advised of the requirements for filing and litigating a habeas corpus petition in federal district court.  See Nos. EDCV 05-1084-AHS(CW), EDCV 08-1427-AHS(CW), EDCV 10-854-AHS(CW), and EDCV 11-1297-AHS(CW).

**IT IS THEREFORE ORDERED** as follows.

1.  On or before November 14, 2011, Petitioner shall show cause, in writing, why the petition should not be summarily dismissed for the reasons stated above.

2.  To proceed with this action, Petitioner must (a) explain whether he is in custody under a state court judgment or on some other basis; (b) identify a custodial official (such as a warden or director) who would be a proper respondent; (c) state how his custody is in violation of the federal constitution or laws; and (d) show that he has met the requirement of exhausting state court remedies.  If Petitioner can satisfy these conditions, this court will grant him leave to file an amended petition using (e) the proper form petition.

3.  If Petitioner does not timely comply with this order, this action will be subject to dismissal for failure to prosecute, as well as for the reasons stated above.

4.  If Petitioner wishes to pursue a civil rights action under 42 U.S.C. § 1983, instead of a habeas corpus petition under 28 U.S.C. § 2254 or § 2241, he may voluntarily dismiss this action, and submit a proposed civil rights complaint (with either payment of the filing fee or a request to proceed in forma pauperis).  If the proper forms for filing a civil rights action are not available to Petitioner, he may so inform this court, and a package of forms will be sent to him.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-1469-JST(CW) | Date | October 13, 2011 |
|---|---|---|---|
| Title | Brian Moffitt v. Patton State Hospital | | |

```
cc:  Brian Moffitt
     Reg # 1629153
     Patton State Hospital
     3102 E. Highland Ave.
     Patton, CA 92369
```