UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN MOFFITT, | ) | No. EDCV 11-1469-JST(CW)[1] |
| | ) | |
|         Petitioner, | ) | |
| | ) | ORDER DISMISSING PETITION |
|    v. | ) | FOR WRIT OF HABEAS CORPUS |
| | ) | (28 U.S.C. § 2254) |
| PATTON STATE HOSPITAL, | ) | |
| | ) | |
|         Respondent, | ) | |

For reasons stated below, the petition is dismissed without prejudice.

**BACKGROUND**

The pro se petitioner is in custody at Patton State Hospital, in Patton, California, in this district. On September 14, 2011, Petitioner filed a petition for writ of habeas corpus. [Docket no. 1.] In a minute order filed October 13, 2011 (docket no. 5), the court found the petition subject to dismissal, on its face, for the following reasons, as stated in the minute order:

---

[1] Petitioner also has another habeas action pending in this court: Moffitt v. Patton State Hospital, No. EDCV 11-1297-AHS(CW).

1

1  (a) Petitioner is in state custody, but it is not clear
2      whether he is challenging the legality of that custody
3      in this purported habeas petition under 28 U.S.C. §
4      2254, and he has not identified the nature of the
5      custody.  There are two statutes under which a person
6      may challenge the legality of state custody in a habeas
7      action in federal court.  A person in custody under a
8      state court <u>judgment</u> may proceed under 28 U.S.C.
9      § 2254; a person in state custody under some basis
10     other than a state court judgment may proceed under 28
11     U.S.C. § 2241.  See <u>Stow v. Murashige</u>, 389 F.3d 880,
12     886 (9th Cir. 2004); <u>White v. Lambert</u>, 370 F.3d 1002,
13     1006 (9th Cir. 2004); <u>McNeely v. Blanas</u>, 336 F.3d 822,
14     824 n.1 (9th Cir. 2003).  Because Petitioner has not
15     made clear the nature of his custody, it is not clear
16     whether this action falls under § 2254 or § 2241.
17 (b) Petitioner has not established personal jurisdiction by
18     naming a proper respondent (normally a specific
19     official, such as a warden or director, with the power
20     to order Petitioner's release).  28 U.S.C. § 2242; 28
21     foll. § 2254, Rule 2.
22 (c) Petitioner has not shown that he has exhausted
23     available state court remedies.  For § 2254 petitions
24     the exhaustion requirement is defined at 28 U.S.C.
25     § 2254(b)-(c).  For § 2241 petitions by persons in
26     state custody there is a common law exhaustion
27     requirement.  <u>See</u>, <u>e.g.</u>, <u>McNeeley</u>, 336 F.3d at 825-26.
28 (d) Petitioner has not clearly stated a claim that he is in

custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2242, 2254(a). In fact, it is not clear whether Petitioner is seeking to challenge the legality of his custody as such (that is, the fact or duration of his custody), or conditions of confinement. If Petitioner seeks to challenge conditions of confinement he should file a civil rights complaint under 42 U.S.C. § 1983, not a habeas corpus petition under 28 U.S.C. § 2254 or 2241.

This is the fifth deficient habeas petition Petitioner has submitted to this court, and Petitioner has been repeatedly advised of the requirements for filing and litigating a habeas corpus petition in federal district court. See Nos. EDCV 05-1084-AHS(CW), EDCV 08-1427-AHS(CW), EDCV 10-854-AHS(CW), and EDCV 11-1297-AHS(CW). [Docket no. 5.]

The court ordered Petitioner to show cause, on or before November 14, 2011, why the petition should not be summarily dismissed for the reasons stated above, with detailed instructions on how to correct the facial defects in the petition. [Id.] The court also informed Petitioner that, if he could satisfy the stated conditions, the court would grant him leave to file an amended petition, but that, if he did not comply with the order to show cause, his action would be subject to dismissal for failure to prosecute, as well as for the reasons stated above. Petitioner has not complied with the order to show cause, and the time allotted for doing so has expired.

**DISCUSSION**

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(district court may dismiss action for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to comply with court orders a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992)(failure to comply with court orders).

In the present action, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal.  Petitioner has not responded to the court's order to show cause despite being warned of the consequences of such failure.  This hinders the court's ability to move this case toward disposition, and suggests that Petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to the opposing parties -- also weighs in favor of dismissal.  A rebuttable presumption of prejudice

arises when a petitioner unreasonably delays prosecution of an action. See Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on the merits -- ordinarily weighs against dismissal. However, it is Petitioner's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility, despite having been instructed on his responsibilities, granted sufficient time in which to discharge them, and warned of the consequences of failure to do so. In these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The court cannot move the case toward disposition without Petitioner's compliance with court orders or participation in this litigation. Petitioner has shown that he is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action. Other possible sanctions for Petitioner's failures are not appropriate with respect to a pro se litigant in custody.

Under these circumstances, dismissal for failure to prosecute is appropriate. Such a dismissal should not be entered unless a litigant has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, however, Petitioner was clearly warned about the possibility of dismissal in the court's order to show cause, and failed to respond.

Under the circumstances it appears that giving further warning would be futile.

**ORDERS**

**IT IS THEREFORE ORDERED** as follows:

1. This petition for writ of habeas corpus is dismissed, without prejudice, for failure to prosecute.

2. The clerk shall enter judgment accordingly.

3. The clerk shall serve this order and the judgment herein on Petitioner.

DATE: 12/26/11

JOSEPHINE STATON TUCKER
United States District Judge

Presented by:

Dated: November 21, 2011

CARLA M. WOEHRLE
United States Magistrate Judge